## City of Chicago, Defendant in Error, v. Charles Lesser, Plaintiff in Error.

## Gen. No. 20,211.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Action by the City of Chicago in the Municipal Court against Charles Lesser, defendant, to recover a penalty for violation of an ordinance. To reverse a judgment imposing a fine of $200 and costs of $8.50, defendant prosecutes this writ of error.

GEORGE REMUS, for plaintiff in error.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error; JOHN F. POWER, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when complaint for violation of ordinance sufficient.* A complaint charging defendant with a violation of an ordinance of the City of Chicago relative to gaming sufficiently describes the offense charged and the ordinance alleged to have been violated where such complaint describes the ordinance violated by the number of its section of the Chicago Municipal Code, and where the acts charged against defendant are also specifically set forth therein.

2. APPEAL AND ERROR, § 1034*—*when Appellate Court will not take judicial notice of ordinances.* In order to take advantage on review of points based on ordinances of the City of Chicago, such ordinances must be preserved in the bill of exceptions, as the Appellate Court will not take judicial notice of such ordinances.

3. APPEAL AND ERROR, § 1302*—*when presumed trial court took judicial notice of ordinance.* In an action to recover a penalty for violation of an ordinance of the City of Chicago, where on writ

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of error to reverse the judgment the record fails to show whether the trial judge took judicial notice of the ordinance in question as required by section 54 of the Municipal Court Act (J. & A. ¶ 3371), the Appellate Court will presume that the statute was complied with.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when motion for rule requiring filing more specific statement necessary in action for penalty.* In an action to recover a penalty for violation of a city ordinance relative to gaming, where the complaint is objected to as being indefinite, defendant's remedy is to move for a rule to require plaintiff to file a more specific statement as in other cases of the fourth and fifth classes under the Municipal Court Act, as such an action is a civil action and the complaint therein stands as a statement of plaintiff's claim.

5. GAMING, § 43*—*when evidence sufficient to sustain judgment.* In an action to recover a penalty for violation of an ordinance of the City of Chicago, relative to gaming, a judgment for plaintiff, *held* not manifestly against the weight of the evidence.